1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

UNITED STATES OF AMERCIA,

Case No. 2:14-cr-00393-LRH-VCF

8

Plaintiff,

ORDER

9

v.

10

BLADIMIR DIAZ-GARCIA,

11

Defendant.

12

13    Before the Court is pro se Defendant Bladimir Diaz-Garcia's motion for a sentence

14    reduction (ECF No. 77). For the reasons explained below, the Court denies the motion.

15    In 2014, Defendant was indicted on four charges: (1) possession of a controlled substance

16    (more than 500 grams of methamphetamine) with intent to distribute, a violation of 21 U.S.C. §§

17    841(a)(1), (b)(1)(A)(viii); (2) possession of a firearm in furtherance of a drug trafficking crime, a

18    violation of 18 U.S.C. § 924(c); (3) illegal alien in possession of a firearm, a violation of 18 U.S.C.

19    §§ 922(g)(5)(A), 924(a)(2); and (4) previously deported alien found unlawfully in the United

20    States, a violation of 8 U.S.C. § 1326. ECF No. 9. On June 7, 2016, Defendant pleaded guilty to

21    count one of the indictment. ECF No. 39. The Court later sentenced him to the statutory minimum

22    term of 120 months of imprisonment for that charge and dismissed the remaining three charges.

23    ECF No. 49. Defendant now asks the Court to reduce his sentence.

24    "A federal court generally 'may not modify a term of imprisonment once it has been

25    imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

26    Congress, however, provided a narrow exception to that rule that allows a court to reduce a

27    defendant's sentence when the defendant was "sentenced to a term of imprisonment based on a

28    sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.

§ 3582(c)(2). In deciding whether a change in law warrants a sentence reduction, the court should consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable and whether "such a reduction is consistent with applicable policy statements by the Sentencing Commission." *Id.*

Defendant claims that recent changes to 21 U.S.C. § 851 and 18 U.S.C. § 924(c) warrant a sentence reduction. The Court is unpersuaded for two primary reasons.

First, the Court did not rely upon 21 U.S.C. § 851 when sentencing Defendant. Under 21 U.S.C. § 851(a), federal drug trafficking offenders may be sentenced to an increased punishment because of previous convictions but only if the Government files information regarding those convictions before the defendant enters a guilty plea or if it can show that information regarding the prior convictions could not with due diligence be obtained before a guilty plea is entered. Here, as it admits, the Government never filed information regarding any prior convictions Defendant had before or after he entered a guilty plea. *See* ECF No. 79 at 1. The Court therefore could not impose an increased sentence based on any prior convictions that Defendant had. Accordingly, after considering all relevant factors, the Court imposed the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii) of 120 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (A person convicted of violating this provision "shall be sentenced to a term of imprisonment which *may not be less than 10 years* or more than life.") (emphasis added). Consequently, the Court cannot modify Defendant's sentence based on a change in law to 21 U.S.C. § 851.

Second, the Court dismissed Defendant's 18 U.S.C. § 924(c) charge and did not impose a sentence for that charge as a result. The Court imposed a 120-month sentence of imprisonment for Defendant's violation of 21 U.S.C. § 841(b)(1)(A)(viii) and did not factor any other charge into that sentence. A change in law to 18 U.S.C. § 924(c) therefore does not warrant a sentence reduction in this case because the Court did not rely upon it when sentencing Defendant.

The Court finds that Defendant has not identified a change in law that allows it to modify his sentence. Accordingly, the Court must deny Defendant's motion for a sentence reduction.

///

///

1    IT IS THEREFORE ORDERED that Defendant's motion for a sentence reduction (ECF

2  No. 77) is denied.

3    IT IS SO ORDERED.

4    DATED this 7th day of June, 2022.

5

6  _____
   LARRY R. HICKS

7  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28